UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BUNDRAGE,

                Plaintiff,

vs.                              CASE NO. _____

OMNI CREDIT SERVICES
OF FLORIDA, INC.,
                Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

    1.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

    3.    Plaintiff, David Bundrage is a natural person and a citizen of the State of Florida, residing in Manatee County in the Middle District of Florida.

    4.    Defendant, Omni Credit Services of Florida, Inc. is a Florida business corporation organized and existing under the laws of the State of Florida with its principal place of business and corporate offices in Tampa, Florida.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his telephone on or about the dates stated:

> June 7, 2012 at 8:45 AM
> 670-9944, again that number is 800-670-9944.  Please use 0 to route your  call.
>
> June 19, 2012 at 11:35 AM
> 670-9944, again that number is 800-670-9944.  Please use 0 to route your call.
>
> June 29, 2012 at 5:32 PM
> 670-9944, again that number is 800-670-9944.  Please use 0 to route your call.
>
> July 25, 2012 at 8:03 PM
> 670-9944, again that number is 800-670-9944.  Please use 0 to route your call.

11. The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the

FDCPA); <u>Foti v. NCO Fin. Sys.</u>, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); <u>Hosseinzadeh v. M.R.S. Assocs., Inc.</u>, 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's name.

### COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

14. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). *See* <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 WL 1992410 (M.D. Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper

### COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

16. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of its communication or its name in the telephone message in violation of 15 U.S.C. § 1692d(6).  *See* Valencia v. The Affiliated Group, Inc.,  2008 WL 4372895 (S.D. Fla. 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 597 (N.D.Ga. 1982); Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp.2d 1104, 1112 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> */s     James S. Giardina*
> [ X ] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [   ] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> **The Consumer Rights Law Group, PLLC**
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> *Counsel for Plaintiff*