**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID BUNDRAGE,**

                              Plaintiff,

**vs.**                                        **CASE NO.  8:13-cv-01676-EAK-EAJ**

**OMNI CREDIT SERVICES**
**OF FLORIDA, INC.,**

                              Defendant.

_____/

**MOTION FOR DEFAULT JUDGMENT**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

        **COMES NOW**, Plaintiff, DAVID BUNDRAGE, by and through his undersigned

counsel, and moves this Court for an award of Default Judgment, pursuant to Fed. R. Civ.

P. 55(b)(2), against Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., and as

grounds therefore, states as follows:

        1.      On June 27, 2013, Plaintiff filed his Complaint in the above-entitled

action, alleging that the acts or omissions of Defendant violated the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). **[DE-1]**

        2.      Defendant was personally served with the Complaint on July 30, 2013.

**[DE-5]**.  As of this date, Defendant has failed to file a response to Plaintiff's Complaint

or to otherwise appear in this action. Accordingly, on August 29, 2013, the Clerk entered

default against Defendant. **[DE-7]**

3.     As a result of the default, Defendant has admitted all matters except for the amount of damages.  Specifically, Defendant has admitted to the following violations of the FDCPA:

- Placing calls without meaningful disclosure of the its identity, in violation of the FDCPA, 15 U.S.C. § 1692d(6) on at least four (4) separate occasions; and

- Failing to disclose its status as a debt collector in telephone messages to Plaintiff in violation of the FDCPA, 15 U.S.C. § 1692e(11) on at least four (4) separate occasions.

4.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to recover statutory damages in an amount up to $1,000.00 plus court costs, reasonable attorney's fees, and post judgment interest as provided by law.  15 U.S.C. § 1692k. Based on the case law presented in the incorporated Memorandum of Law, Plaintiff submits that Defendant's violations warrant the award of full statutory damages of $1,000.00.

**WHEREFORE**, Plaintiff requests this Court enter Default Judgment against Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., awarding Plaintiff FDCPA statutory damages of $1,000.00 plus post judgment interest at the rate currently allowable by law and entitlement to attorney's fees and costs with this Court to retain jurisdiction to determine the amount of attorney's fees and costs.

## <u>MEMORANDUM OF LAW</u>

I.    **DEFENDANT'S FAILURE TO DEFEND CONSTITUTES ADMISSION OF LIABILITY UNDER THE LEGAL THEORIES ALLEGED**

Federal Rule of Civil Procedure 8(b)(6), which is the equivalent of former Rule 8(d), provides in pertinent part: "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6) (as amended 2010). "By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually." Burlington Northern R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996) (citing former Rule 8(d)). Thus, Defendant has admitted all of the factual allegations set forth in the Complaint.

## A. The facts alleged in the complaint establish Defendant's liability for multiple violations of the FDCPA.

"To establish a claim under the FDCPA, the plaintiff must show: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Sanz v. Fernandez, 633 F. Supp. 2d 1355 (S.D. Fla. 2009) (quoting Pescatrice v. Orovitz, P.A., 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008).

Here, Plaintiff has alleged and Defendant has admitted by its failure to answer that Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. **[DE-1, at ¶ 9]** Likewise, it has been established that Defendant is a debt collector as defined by the FDCPA. **[DE-1, at ¶ 7]** Further, as addressed below Plaintiff's allegations establish that Defendant engaged in acts or omissions prohibited by the FDCPA.

### 1. Defendant violated section 1692e(11) of the FDCPA by failing to disclose its status as debt collector.

The FDCPA prohibits: "the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11). In finding summary judgment for the plaintiff on this same issue, United States District Judge William P. Dimitrouleas stated, "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." Drossin v. Nat'l Action Fin. Servs., 641 F. Supp.2d 1314, 1319 (S.D. Fla. 2009). Here, Defendant left no less than four (4) telephone messages for Plaintiff in which Defendant failed to disclose it was a debt collector. Pl.'s Compl. ¶¶ 10, 11. In Belin v. Litton Loan Servicing, 2006 WL 1992410, *5, 2006 U.S. Dist.LEXIS 47953 (M.D.Fla., July 14, 2006), Judge Bucklew wrote: "the court finds that the messages left on Ms. Belin's answering machine constitute communications that can support a violation of 15 U.S.C. § 1692e(11)." *See also* Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006). In another case involving telephone messages which the caller failed to state it was a debt collector the court granted summary judgment for the consumer on her claims that the debt collector's telephone messages violated 15 U.S.C. §§1692e(11). Leyse v. Corporate Collection Servs., 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006). Thus, Defendant's telephone messages left for Plaintiff which failed to inform that the call was from a debt collector violated 15 U.S.C. § 1692e(11).

## 2. Defendant violated section 1692d(6) of the FDCPA by failing to state the nature of its business.

The FDCPA enumerates as a violation "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. §1692d(6). Courts have held this statute to require the disclosure of the debt collector's name, the purpose of the call or the nature of the caller's business. Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 597 (N.D.Ga. 1982) ("'the meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name.") (emphasis added).

In the instant case, Defendant's messages failed to disclose the debt collector's name, the purpose of the call or the nature of the caller's business. Pl.'s Compl. ¶ 10. Considering telephone messages similar to those at issue here the Southern District of California held:

> The Court finds the decision in Joseph I to be persuasive in that "meaningful disclosure" presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked. See Ahart §§ 2:78 (citing Joseph I ); 2:191 (citing Joseph I ). The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine.

Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp.2d 1104 (S.D.Cal. 2005) (footnote omitted); see Costa v. National Action Financial Services, 2007 WL 4526510, *4-*5 (E.D.Cal., Dec 19, 2007).

Accordingly, United States District Judge Kenneth A. Marra held the following message violated 15 U.S.C. §1692d(6):

> This is Heather with Affiliated Credit Services. I would like a return call as soon as possible at 800-264-2439. Again this is Heather with Affiliated Credit Services. My number is 800-264-2439. Thank you.

The Court held:

> This voice mail fails to meet the FDCPA meaningful disclosure requirements in §1692d(6) because it does not state the nature of Defendant's business. See Wright, 548 F. Supp. at 597; Hosseinzadeh, 387 F. Supp. 2d at 1112.

Valencia v. Affiliated Group, Inc., 2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 23, 2008).

The 11th Circuit recently affirmed a decision of the Northern District of Georgia which found the following messages violated 15 U.S.C. §1692d(6):

> One of the voice messages left for Plaintiff stated as follows: "This is an important message for Brenda Edwards. Please return this message at 1-800-381-0416 between the hours of 8 am and 9 pm Eastern Standard Time." SMF at P 9.
>
> On or about September 26, 2007, Defendant left a pre-recorded message on Plaintiff's answering machine that stated that the message was "important" but did not state the name of Defendant. SMF at PP 12-14. In early October of 2007, Defendant left a message on Plaintiff's answering machine that stated as follows: "This message is intended for Brenda Edwards. Please contact Jennifer [last name not clear] at 1 800 381 0416, my extension is 220. When returning my call have your file number available, it's 1250740." SMF at P 15. Defendant also left a message on Plaintiff's answering machine in the middle of October of 2007 that stated as follows: "Brenda Edwards, contact Mrs. Strickland at 1-800-381-0416 extension 220. When returning the call have your file number available, please, 1250740." SMF at P 16.

In the instant case, Defendant's messages do not give Defendant's name or any indication of the nature of Defendant's business of the purpose of its calls. Thus, Defendant's telephone messages left for Plaintiff failed to provide meaningful disclosure of its identity in violation of 15 U.S.C. §1692d(6).

## II.   PLAINTIFF IS ENTITLED TO RECOVER STATUTORY DAMAGES, COSTS, AND ATTORNEY'S FEES FOR DEFENDANT'S VIOLATIONS OF THE FDCPA.

The FDCPA entitles all prevailing plaintiffs to actual damages,[1] statutory damages up to $1000.00, as well as court costs and reasonable attorneys' fees.  In this respect, the FDCPA provides:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—
>     (1) any actual damage sustained by such person as a result of such failure;
>     (2) (A) in the case of any action by an individual, such additional damages as the   court may allow, but not exceeding $1,000; …
>     (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's    fee as determined by the court.
> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—
>     (1) in any individual action under subsection (a)(2)(A), the frequency    and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional;

15 U.S.C. § 1692k.

### A.   Statutory Damages

Under the plain language of both the FDCPA, in determining the appropriate amount of statutory damages to award, the court must consider the following three factors: (1) the nature of the defendant's noncompliance; (2) the frequency and persistence of the noncompliance; and (3) the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k.[2]

---

[1] Plaintiff is not requesting actual damages.
[2] An award of actual damages is not a prerequisite to the recovery of statutory damages under either the FCCPA or the FDCPA, thus a consumer is entitled to statutory damages even if the consumer is unable to prove it has suffered actual damages.  Harper v. Better Bus. Servs., Inc., 961 F.2d 1561 (11th Cir. 1992) (affirming trial courts awarding of $1,000 maximum FDCPA statutory damages where consumer offered no proof of actual damages); *Laughlin v. Household Bank, Ltd.*,

### 1.   Nature of Defendant's noncompliance.

The nature of Defendant's noncompliance was that it failed to inform Plaintiff in its messages that the calls were from a debt collector in violation of 15 U.S.C. § 1692e(11) and failed to provide meaningful disclosure of its identity in the messages in violation of 15 U.S.C. § 1692d(6).

### 2.   Frequency and persistence of Defendant's noncompliance.

The noncompliance with the FDCPA by Defendant was persistent. Plaintiff has established that in each of Defendant's four (4) messages for Plaintiff it failed to state that it was debt collector and in each of the four (4) messages failed to state its name, and failed to give any indication whatsoever of the nature of its business or purpose of its call. Thus, Defendant committed at least eight (8) violations of the FDCPA, warranting the imposition of the maximum statutory damages of $1,000.00.

### 3.   Extent to which Defendant's noncompliance was intentional.

Defendant's noncompliance was intentional. In this respect, Defendant chose to deliver a pre-recorded message to Plaintiff, which did not include the necessary disclosures.

Further, in resolving statutory damages issues courts should be mindful of three principles.  First, the FDCPA was enacted to curb what the legislatures believed to be a series of abuses in the area of debtor-creditor relations.  *See* S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (discussing Congresses' intent in enacting the FDCPA). Second, the legislature provided for statutory damages under the FDCPA to

---

969 So. 2d 509, 513 (Fla. 1st DCA 2007) (stating that in order to succeed under FCCPA consumer "is not required to prove actual damages, but only a violation of one of the prohibited practices").

encourage consumers to bring private actions, which the legislatures intended to be the primary enforcement mechanisms of the acts. *See* id. Third, another reason the legislature provided statutory damages was to provide a penalty to dissuade debt collectors from engaging in abusive collection practices. *See* Strange v. Wexler, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992) (stating, "One purpose of statutory damages is to create an incentive to obey the law"). Thus, in addition to considering the factors discussed above, this Court should determine the appropriate amount of statutory damages in a manner that will both encourage other debt collection harassment victims to bring private actions and dissuade Defendant from engaging in future prohibited collection practices consistent with the legislatures' intent in enacting the Act.

In this case, Plaintiff requests an award of the maximum statutory damages of $1,000.00 each under the FDCPA due to the frequency and nature of Defendant's intentional non-compliance. Specifically, Defendant committed no less than eight (8) violations, engaged in conduct deemed by Congress to constitute harassment and / or abuse and false and /or misleading. Further, compliance with the law would have been simple and placed no burden on Defendant. In Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp. 2d 1346, 1354 (N.D.Ga. 2008) the court awarded the full statutory damages of $1,000.00 for similar violations of 15 U.S.C. §§ 1692d(6) and 1692e(11).

Accordingly, Plaintiff respectfully requests the maximum award of statutory damages of $1,000.00 under the FDCPA.

**B.** __Attorney's Fees and Costs__

As discussed above, both the FDCPA entitles prevailing plaintiffs to reasonable attorney's fees and costs incurred in brining the suit.  Federal courts have consistently interpreted the provision found in the FDCPA as making an award of attorney's fees mandatory to prevailing plaintiffs. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (stating that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general"); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (explaining that "[t]he reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA").  Plaintiff has incurred attorney's fees and costs in the prosecution and maintenance of this lawsuit.  Plaintiff requests that this Court find that Plaintiff is entitled to attorney's fees and costs and retain jurisdiction to determine the appropriate amount thereof upon Plaintiff's motion to be filed in accordance with Local Rule.

## III.    CONCLUSION

By defaulting in this Action Defendant has admitted to committing no less than eight (8) intentional violations of the FDCPA entitling Plaintiff to an award of statutory damages as well as attorney's fees and costs incurred in bringing this Action. Based upon the nature and frequency of Defendant's noncompliance, Plaintiff respectfully requests that the award Plaintiff the full statutory damages of $1,000.00 plus post judgment interest at the rate currently allowable by law. With respect to attorney's fees and costs,

Plaintiff requests that the Court find that Plaintiff is entitled to recover same and that the Court retain jurisdiction to determine the amount of Plaintiff's fees.

**WHEREFORE**, Plaintiff requests this Court enter Default Final Judgment against Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., in the amount of $1,000.00, plus post-judgment interest, case costs, and reasonable attorney's fees in an amount later to be determined by this Court.

Respectfully, submitted this 16th day of September 2013, by:

/s/ James S. Giardina
James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 16, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I also certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

**OMNI CREDIT SERVICES OF FLORIDA, INC.**
333 Bishops Way
Suite 100
Brookfield, WI 53005-6209

/s/ James S. Giardina
James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*