# EXHIBIT "A"

# UNITED STATES CONSUMER LAW

# ATTORNEY FEE SURVEY REPORT

## 2010-2011



**Ronald L. Burdge**

# United States Consumer Law
# Attorney Fee Survey Report 2010-2011

Conducted By

Ronald L. Burdge
Burdge Law Office Co. LPA
2299 Miamisburg Centerville Road
Dayton, OH 45459-3817
Voice: 937.432.9500
Fax: 937.432.9503

Email: Ron@TheLawCoach.com

Copyright 2011 by R.L.Burdge but licensed as follows:

United States Consumer Law Attorney Fee Survey Report 2010-2011 by
Ronald L. Burdge is licensed under a Creative Commons
Attribution-NonCommercial-NoDerivs 3.0 Unported License.

Use of this work to aid in the determination of a reasonable attorney fee is
not considered a commercial use by the author and specific consent to use
this work in that manner is waived by the copyright holder.

Permissions beyond the scope of this license may be available at
www.TheLawCoach.com .

Creative Commons Licensing is explained at
http://creativecommons.org/licenses/by-nc-nd/3.0/

This work is dedicated to the private and public practice members of the Consumer Law bar across the United States and its territories who tirelessly dedicate their careers to helping consumers and businesses find justice every day in our legal system. Without their participation this publication would not have been possible.

And a special thanks is extended to Ira Rheingold, Executive Director of the National Association of Consumer Advocates, and Jon Sheldon, with the National Consumer Law Center, for their leadership, friendship, advice and tireless support of this project over the years.

*Ronald L. Burdge*

Table of Contents

1. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      Error Rate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      Methodology. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      Section 508 Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      The Average and the Median: What it Means to You. . . . . . . . . . . . . 5
      Geographic Areas Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      Interpreting the Findings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2. Summary Profile of the Typical US Consumer Law Attorney. . . . . . . . . 10

3. National Average Table for All Firms by Region. . . . . . . . . . . . . . . . . . . 12

4. State Percentage Change Table, 2000 thru 2011. . . . . . . . . . . . . . . . . . . 14

5. Average Hourly Rates by Years in Practice Tables by Region. . . . . . . . . . 17
      Atlantic Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
      California Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
      Florida Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
      Mid West Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
      New York Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
      North East Region Firms.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
      Ohio Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
      Pacific Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
      South Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
      Texas Region Firms. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
      US Territories Region Firms.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
      West Region Firms.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

6. Median & Average Summary Tables by Region. . . . . . . . . . . . . . . . . . . . 30
      Explanation of Tables. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
      Atlantic Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
      California Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
      Florida Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
      Mid West Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
      New York Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
      North East Region .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

i

Ohio Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37
Pacific Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
South Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
Texas Region . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
US Territories Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
West Region. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

7. Regional Summary Profiles. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43
Summary Profile of the Atlantic Region. . . . . . . . . . . . . . . . . . . . . 44
Summary Profile of the California Region. . . . . . . . . . . . . . . . . . . . 46
Summary Profile of the Florida Region. . . . . . . . . . . . . . . . . . . . . . 47
Summary Profile of the Mid West Region. . . . . . . . . . . . . . . . . . . . 48
Summary Profile of the New York Region. . . . . . . . . . . . . . . . . . . . 49
Summary Profile of the North East Region. . . . . . . . . . . . . . . . . . . 50
Summary Profile of the Ohio Region. . . . . . . . . . . . . . . . . . . . . . . . 51
Summary Profile of the Pacific Region. . . . . . . . . . . . . . . . . . . . . . 52
Summary Profile of the South Region. . . . . . . . . . . . . . . . . . . . . . . 53
Summary Profile of the Texas Region. . . . . . . . . . . . . . . . . . . . . . . 54
Summary Profile of the US Territories Region. . . . . . . . . . . . . . . . 56
Summary Profile of the West Region. . . . . . . . . . . . . . . . . . . . . . . . 57

8. Survey Techniques. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

9. Cases Employing Use of Survey Data. . . . . . . . . . . . . . . . . . . . . . . . . . 59

10. Additional Cases on Use of Survey Data. . . . . . . . . . . . . . . . . . . . . . . 60

11. Recommendations for Future Survey Data. . . . . . . . . . . . . . . . . . . . . 62

About the Editor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

# 1. Introduction

This report publishes the results of the United States Consumer Law Attorney Fee Survey for 2010-2011. Attorneys in every state and the US Territories took part in the national survey and the results are the most comprehensive since our research work began on the subject in 1999.

Consumer Law is recognized as a specialty area of law[1] dealing with issues arising from transactions involving one or more persons acting as individuals or as a family. It typically includes the legal fields of bankruptcy, credit discrimination, consumer banking, warranty law, unfair and deceptive acts and practices, and more narrow topics of consumer law such as consumer protection rights enabled by specific statutes such as the Fair Credit Reporting Act, the Uniform Consumer Sales Practices Act, state and federal lemon laws, and many others.

Section 2 of this Survey Report is the Summary Profile of the Typical US Consumer Law Attorney, a collective approach to the entire survey results which yields a detailed picture of key aspects of the typical US Consumer Law practitioner in the United States and its territories. It is based on the survey results as a whole.

Section 3 contains the National Average Table for All Firms and reports the regional average hourly rates according to small and large firm classification and including both attorney rates and paralegal rates. This table gives a broad overview at a glance with easy side by side comparisons of key data. It also allows the reader to see the relative survey participation from each of the 12 surveyed regions.

Section 4, the State Percentage Change Table, 2000 thru 2011, reflects the state by state changes in hourly rate averages based on state data. This section contrasts year 2000 rates, the first year of the survey reports that were based on data compilation that began in 1999, with the hourly rate averages in this year's Survey Report. This table shows the

---

[1] As said by the Ohio 9th District Court of Appeals, "[c]onsumer law is a specialty area that is not common among many legal practitioners." *Crow v. Fred Martin Motor Co.*, 2003-Ohio-1293 (Summit App. No. 21128).

actual increases and decreases in hourly rates as well as the percentage of change from oldest data to current data.

Section 5 includes the Average Hourly Rates by Years in Practice Tables by Region because years in practice is a primary factor in the determination of a reasonable hourly rate. These tables report, on a regional basis, the average hourly rates according to only the number of years an attorney has been practicing law.

Section 6, the Regional Median & Average Summaries Tables, reports median and average analyses and the results of key survey questions on a regional approach. Added scaling in these tables gives greater analysis opportunities for the reader's consideration. An explanation of terms in the table precedes the actual Regional Median & Average Summaries Tables.

Section 7 contains the Regional Summary Profiles analyses which reports a summary profile of the typical Consumer Law attorney in each of the 12 regions in the survey. It provides a collective approach to each region's survey results, which yields a more detailed summary picture of key aspects of the typical US Consumer Law practitioner in each survey Region.

Prior studies have shown that the factors most influencing an hourly rate are an attorney's years in practice, location of practice, and size of firm. These factors are variously surveyed and reported in this publication. More detailed location of practice data, and related customized data in relation to locale, is published in the separately available Regional Reports and is available upon request.

In compiling this report, an invaluable contribution was made by members of the National Association of Consumer Advocates and Consumer Law attorneys across the United States and its territories who were invited to participate during 2010.

Information was collected for individual data as of end of year 2010. As previously, an on-line survey service was utilized to gather and tabulate the results with safeguards in place to limit data input per survey participant to one region.

2

Similar studies were undertaken annually since 1999. The objective of these studies was to determine the demographics of Consumer Law practitioners, including attorney hourly billing rate, firm size, years in practice, concentration of practice, primary and secondary practice area prevalence, paralegal billing rates and other data.

The collected information has been condensed into this national reference to provide benchmarks to assist Consumer Law attorneys as they manage their practice.

Because of the still-increasing involvement of paralegals and law clerks in non-administrative day to day aspects of legal practice, data is also compiled on regional paralegal hourly rates.

The data is reported in several tables below, allowing the reader to consider the data from several viewpoints of selected factors or criteria. In addition, more detailed regional data with explanatory charts is available in the twelve separately published Regional Survey Reports, available on request.

## Error Rate

A hand review conducted of all data received during this survey was compared with the data reported in the previous survey. The results indicated an error rate of less than one percent, a number substantially lower than the error rate of most surveys.

## Methodology

Survey results are based on the results of an on-line survey fielded during 2010 and consisting of 9 key data questions. The survey was administered via email, ordinary mail, facsimile and telephonic invitations to a confidential, web-based questionnaire.

The entire active membership of the National Association of

Consumer Advocates (except for persons employed in public employment or education) along with other known Consumer Law practitioners from around the United States and its territories was surveyed.

Invitations to participate were also randomly sent to attorneys disclosed through internet search engine results conducted on a national level as well as randomly selected physical telephone book specialty listings where available. Invitations to participate were also randomly sent to attorneys identified through court filings in various jurisdictions and bar association directories where available.

To help practitioners understand and interpret the data below, a brief explanation of the data may help.

## Section 508 Compliance

The United States Consumer Law Attorney Fee Survey is the only online survey program that is Section 508 Certified. This means that the survey program on which this survey runs meets all current US Federal Section 508 certification guidelines.

Section 508 is a Federal law that outlines the requirements to make online information and services accessible to users with disabilities. The government web site that outlines the requirements and helpful links regarding section 508 is located on the internet at this page: http://www.section508.gov/. All Federal agencies are required to use 508 certified software and technologies when available.

The Voluntary Product Accessibility Template, or VPAT"s purpose, is to assist Federal contracting officials and other buyers in making preliminary assessments regarding the availability of commercial "Electronic and Information Technology" products and services with features that support accessibility. The VPAT was developed by the Information Technology Industry Council (ITI) in partnership with the U.S. General Services Administration (GSA).

Use of the VPAT means that this survey is built on programming that

4

includes a text element for every non-text element of the survey web page, web pages are designed so that all information displayed with color is also available without color, all parts of the survey are readable without having to open another window, and other techniques to enable disabled persons to fully participate in every aspect of the Fee Survey.

It is important for the Fee Survey to be able to reach the broadest range of potential respondents possible to provide the reader with the most accurate results. By including survey feedback from the disabled demographic, the Fee Survey ensures a more representative population is able to participate so their economic demographics may be included in the Fee Survey results.

## The Average and the Median: What it Means to You

To help practitioners understand and interpret the data in this report, a brief explanation of common data terminology in this report is necessary.

The tables below use some terms whose meaning  may not be clear to many Consumer Law practitioners.

The average (sometimes called the arithmetic average) is calculated by adding the values of all responses, then dividing by the number of responses.

Example: Five responses are reported, 3, 4, 6, 8 and 12. The average is calculated by adding their values (3 + 4 + 6 + 8 + 12 = 33), then dividing by the number of responses (5). Thus, the average is 33 / 5 = 6.6.

The median has a different meaning.  It is the middle value of a series of values, which is initially rank-ordered from low to high. By definition, half the numbers are greater and half are less than the median. Both mean and median values are used in this survey report as a pointer for the central area of survey results without regard to the average.

Statisticians variously agree that using the median as a statistic reduces the effect of extreme outer numbers (extremely high or low values,

5

such as 12 in the above example). Using an average takes all numbers into accounting.

Example: Five responses are reported, 3, 4, 6, 8 and 12. The median is the middle number of the order of distribution, 6. Note, however, that the average of this same distribution of numbers is 6.6.

The median literally is the value in the middle. It represents the mid way point in a sequence of numbers. It is determined by lining up the values in the set of data (in this fee survey that would be all of the individual fee rate responses logged in the survey) from the smallest on up to the largest. The one in the dead-center is the median number.

The median is not the average of the numbers (you don't add anything) in the list, but merely the center of the list. Some statisticians say that using the mean (instead of the average) gives less weight to the individual fee rates that are on the outer limits of the survey responses and is more likely to direct the survey to the real center of the responses.

Because the median number is commonly not the same as the average number, being either slightly above or below it, we are including both results in this year's survey results.

# Geographic Areas Defined

The data has been compiled in twelve geographic regions, including several states identified as their own region. This is loosely based on a combination of three factors: the long-established Altman-Weil[2] regional tables, the quantity of Consumer Law attorneys that were readily identified as practicing in each state, and the geographic proximity of any one state to a nearby overall region.

---

[2]Altman Weil, Inc. provides management consulting services exclusively to legal organizations. Its clients include law firms, law departments, governmental legal offices and legal vendors of all sizes and types throughout North America, the U.K. and abroad. The Altman Weil website address is http://www.altmanweil.com/ .

| | |
|---|---|
| Atlantic: | DC, DE, NC, NJ, PA, VA, WV |
| California | |
| Florida | |
| Mid West: | IA, IL, IN, KS, MI, MN, MO, ND, NE, SD, WI |
| New York | |
| North East: | CT, MA, MD, ME, NH, RI, VT |
| Ohio | |
| Pacific: | AK, HI, OR, WA |
| South: | AL, AR, GA, KY, LA, MS, OK, SC, TN |
| Texas | |
| US Territories: | Puerto Rico, Guam, American Samoa, US Virgin Islands |
| West: | AZ, CO, ID, MT, NM, NV, UT, WY |

Since this survey work first began in 1999, the states of California, Florida, New York, and Ohio have consistently had a larger overall quantity of Consumer Law practitioners than other states. For that reason, these four states are treated in the national survey report as being their own region.

The national survey report takes a national view of the survey data. A separately published report is available on request for each of the 12 regions in the survey, providing more detailed, specific and slightly different survey data with explanatory charts for the reader's review and further analysis.

In response to requests for even more detailed data, this year's survey added a new question which obtains from each survey participant the specific area of the region where each participant maintains their firm office. The responsive data enabled an even more localized set of data to be generated for geographic areas within each of the 12 regions.

## Interpreting the Findings

An hourly rate is commonly impacted by several factors, including years of practice, firm size, practice location, degree of practice concentration, reputation, advertising, personal client relationships, and other factors.  As a result, the information presented here is for

7

informational purposes only and may or may not be indicative of a particular attorney's reasonable hourly rate without further, more detailed analysis of the available and other data.

A Summary Profile of the Typical US Consumer Law Attorney is presented at the outset of this survey report in order to provide a summary profile of the average US Consumer Law attorney and their practice. It may be viewed as the average of all survey responses nationwide.

The National Average Table for All Firms by Region provides an at a glance view of the averages for respondents by the 12 survey regions. Presented in table format, it allows for quick and easy comparison of key data across several regions but is intended to only provide a summary statement of the key data and should be considered in tandem with the other data reported herein.

The Average Hourly Rates by Years in Practice Tables by Region presents an analysis of the impact that years in practice in Consumer Law has on the average attorney hourly rate. Each region has its own table of survey results with years in practice being divided in 9 time frames with less than one year and more than 31 years bracketing the outer limits at each end. One might think that longevity of practice would dictate an increasingly higher hourly rate and these tables report survey results that tests that assumption and, in some cases, variations are observed.  Current economic trends outside of this survey test that assumption even further but are not considered in this survey.

The Median and Average Summaries Tables by Region are presented to give an overview of the practice of Consumer Law lawyers in each region. Note the use of both average and median results in this section, with the median used to reduce the effect of extremely high or low values in some data. These tables also show the difference in survey results when comparing the average hourly rates and the median hourly rates, a factor considered by some statisticians to arrive at what they consider to be more neutral or accurate survey results.

Where necessary, insufficient data is represented by a dash mark instead of a numerical entry in the column.

8

9

# 2. Summary Profile of the Typical US Consumer Law Attorney

This section summarizes key statistics derived from the survey when viewed from a national approach. Emphasis here is on the average Consumer Law attorney in the United States without regard for any specific survey factor.

The typical Consumer Law attorney is in a small office of 4 or fewer practitioners. Not a single region was dominated by larger firms. The US Territories region was the only region that reported 100% employed 4 or fewer attorneys. At the other end of the spectrum is New York which reported that 59.4% were firms employing 4 or fewer attorneys.

The typical Consumer Law attorney has been practicing law for 17.3 years. All regions reported in the range from 14 years to 20.9 years in practice.

15.4% of all Consumer Law attorneys have been in practice less than 5 years, a decrease from the last survey report's 19% but still slightly below the previous survey report's 16%.

The average percentage of more-experienced attorneys (those with 31 or more years of practice) is 17.25%. However, the region with the largest percentage of more-experienced attorneys is the Pacific with 39.5%.

The average of less-experienced attorneys (those with less than 5 years of practice) is 15.4%. However, the region with the largest percentage of less experienced attorneys is also the Pacific with 5.2%.

49.2% of all firms reported that their practice consists of 90-100% Consumer Law issues. This figure is a dramatic drop from the last survey when 82.7% was the level reporting their practice to fall in the 90-100% range of Consumer Law.

The average Consumer Law practice is still supplemented in largest part by Bankruptcy work (10 of the 12 regions in the survey), as it has been for several years. In the US Territories Region, however, Bankruptcy work

10

is reported as the largest area of the practice with other general Consumer Law work ranking in second place.

The typical Consumer Law firm employs 1 paralegal (1.7 to be precise) whose hourly billable rate averages $95.8. In the last survey report, the typical Consumer Law firm employed 1 paralegal but the hourly billable rate was $96, which was itself a slight increase from the previous survey's $93.25.

The average hourly rate for the typical Consumer Law attorney (regardless of all other factors) is $304, down very slightly from the last survey report's of $305, which was itself a drop of the prior report of $307.

The median Attorney hourly rate is $300, up from last year's $293 and still below the preceding survey's report of $308.

The median 25% Attorney hourly rate (the point at which 25% of all survey participants reported an hourly rate lower than this number) is $241, compared to $240 in the last survey. The median 75% Attorney hourly rate is $355, compared to $365 in the last survey.

The median 95% Attorney hourly rate is $480, compared to $443 in the last survey.

The typical Consumer Law firm lawyer has not changed their hourly rate in the last 15.6 months. In the last survey it was an average of 17 months since the hourly rate had been changed in the average firm.

# 3. National Average Table for All Firms by Region

This Table does not take into consideration the factors of the degree of concentration or years of practice, among other things, all of which will have a large impact on any particular person's hourly rate.

| Region: | % of Total Survey Responses From This Region: | Small Firm % of Region (<5) | Large Firm % of Region (>5) | Small Firm Average Attorney Rate In this Region | Large Firm Average Attorney Rate In this Region | Small Firm Average Paralegal Rate In this Region | Large Firm Average Paralegal Rate In this Region |
|---|---|---|---|---|---|---|---|
| Atlantic (DC DE NC NJ PA VA WV) | 15.0 | 68.6 | 31.4 | 350 | 342 | 128 | 130 |
| California | 10.7 | 75.7 | 24.3 | 350 | 453 | 121 | 153 |
| Florida | 6.7 | 80.9 | 19.1 | 312 | 340 | 102 | 96 |
| Mid West (IA IL IN KS MI MN MO ND NE SD WI) | 20.1 | 75.2 | 24.8 | 284 | 381 | 81 | 125 |
| New York | 4.6 | 59.4 | 40.6 | 323 | 309 | 96 | 110 |

| Region: | % of Total Survey Responses From This Region: | Small Firm % of Region (<5) | Large Firm % of Region (>5) | Small Firm Average Attorney Rate In this Region | Large Firm Average Attorney Rate In this Region | Small Firm Average Paralegal Rate In this Region | Large Firm Average Paralegal Rate In this Region |
|---|---|---|---|---|---|---|---|
| North East (CT MA MD ME NH RI VT) | 5.9 | 73.2 | 26.8 | 285 | 382 | 95 | 130 |
| Ohio | 7.4 | 69.2 | 30.8 | 258 | 282 | 90 | 102 |
| Pacific (AK HI OR WA) | 5.4 | 71.1 | 28.9 | 281 | 356 | 105 | 107 |
| South (AL AR GA KY LA MS OK SC TN) | 10.4 | 89.2 | 10.8 | 265 | 283 | 85 | 102 |
| Texas | 4.9 | 85.3 | 14.7 | 319 | 327 | 77 | 87 |
| US Territories | 3.3 | 100 | 0 | 175 | - | 53 | - |
| West (AZ CO ID MT NM NV UT WY) | 5.1 | 80.6 | 19.4 | 300 | 230 | 94 | 75 |

# 4. State Percentage Change Table, 2000 thru 2011

The purpose of this table is to provide a historical perspective on the average hourly rates reported by small and large firms in the United States and its Territories since these Survey Reports began with the first report published in year 2000. This table also provides the only state-specific data for every state in the survey.

This table reflects the state by state changes in hourly rate fee averages spanning back to year 2000, the first year of this Survey Report which was based on data compilation that began in 1999. This table shows the increases and decreases in hourly rates as a percentage of change from current to oldest data. For instance, if the average hourly rate for a small firm in a given state was $200 in year 2000 and current data showed it to be $300, then the percentage column would indicate a change of 150%.

In all cases the data goes back as far as possible to establish a baseline to draw comparisons for the percentage of change calculations made below but in a few cases the data may not go back to the report issued in year 2000 because of lack of data; in that event the percentage change is a contrast of the oldest data available with year 2009 data.

For the Baseline columns in this chart, the regional data is used where a state is a part of a region since state specific data only became available in 2010.

For the 2011 Data columns in this chart, the data is the average of all data obtained for each particular state. Where state data only existed for either a small firm or a large firm, but not both, the data appears in this table for both.

The percentage of 2000 Data column represents the change that has occurred for that state since the oldest data available (i.e., for Alabama, the Small Firm rate has increased 167.6% since 2000, from $170 to $285).

The Small Firm and Large Firm definitions in this table are the same as those used throughout this Survey Report, i.e., a "small firm" has 4 or fewer attorneys and a "large firm" has five or more attorneys.

14

| U.S. State | Baseline Sm Firm (2000) | 2011 Data Sm Firm | Baseline Lg Firm (2000) | 2011 Data Lg Firm | % of 2000 Data Sm Firm | % of 2000 Data Lg Firm |
|---|---|---|---|---|---|---|
| Alabama | 170 | 285 | 225 | 306 | 168 | 136 |
| Alaska | 137 | 229 | 175 | 229 | 167 | 131 |
| Arizona | 137 | 330 | 175 | 300 | 241 | 171 |
| Arkansas | 169 | 212 | 238 | 212 | 125 | 89 |
| California | 212 | 350 | 300 | 453 | 165 | 151 |
| Colorado | 137 | 312 | 175 | 312 | 228 | 178 |
| Connecticut | 192 | 417 | 238 | 417 | 217 | 175 |
| Delaware | 192 | 362 | 238 | 312 | 189 | 131 |
| Florida | 170 | 312 | 225 | 340 | 184 | 151 |
| Georgia | 170 | 327 | 225 | 327 | 192 | 145 |
| Hawaii | 137 | 327 | 175 | 370 | 239 | 211 |
| Idaho | 137 | 300 | 175 | 230 | 219 | 131 |
| Illinois | 177 | 376 | 197 | 458 | 212 | 232 |
| Indiana | 177 | 293 | 197 | 337 | 166 | 171 |
| Iowa | 150 | 262 | 300 | 262 | 175 | 87 |
| Kansas | 150 | 262 | 300 | 262 | 175 | 87 |
| Kentucky | 170 | 230 | 225 | 230 | 135 | 102 |
| Louisiana | 169 | 275 | 238 | 275 | 163 | 116 |
| Maine | 192 | 227 | 238 | 187 | 118 | 79 |
| Maryland | 192 | 366 | 238 | 300 | 191 | 126 |
| Massachusetts | 192 | 255 | 238 | 437 | 133 | 184 |
| Michigan | 177 | 272 | 197 | 250 | 154 | 127 |
| Minnesota | 170 | 258 | 300 | 357 | 152 | 119 |
| Mississippi | 150 | 212 | 225 | 212 | 141 | 94 |
| Missouri | 137 | 330 | 300 | 250 | 241 | 83 |
| Montana | 150 | 187 | 175 | 187 | 125 | 107 |
| Nebraska | 137 | 284 | 300 | 381 | 207 | 127 |
| Nevada | 192 | 362 | 175 | 362 | 189 | 207 |
| New Hampshire | 192 | 387 | 238 | 387 | 202 | 163 |
| New Jersey | 137 | 365 | 238 | 365 | 266 | 153 |
| New Mexico | 192 | 368 | 175 | 368 | 192 | 210 |
| New York | 170 | 323 | 238 | 309 | 190 | 130 |
| No. Carolina | 150 | 266 | 225 | 275 | 177 | 122 |
| No. Dakota | 177 | 162 | 300 | 162 | 92 | 54 |
| Ohio | 169 | 258 | 197 | 282 | 153 | 143 |
| Oklahoma | 137 | 240 | 238 | 240 | 175 | 101 |

15

| | | | | | |
|---|---|---|---|---|---|
| Oregon | 192 | 275 | 175 | 357 | 143 | 204 |
| Pennsylvania | 192 | 361 | 238 | 345 | 188 | 145 |
| Rhode Island | 170 | 262 | 238 | 262 | 154 | 110 |
| So Carolina | 170 | 254 | 225 | 262 | 149 | 116 |
| So Dakota | 150 | 262 | 300 | 262 | 175 | 87 |
| Tennessee | 170 | 262 | 225 | 262 | 154 | 116 |
| Texas | 169 | 319 | 238 | 327 | 189 | 137 |
| Utah | 137 | 225 | 175 | 312 | 164 | 178 |
| Vermont | 192 | 195 | 238 | 195 | 102 | 82 |
| Virginia | 170 | 376 | 225 | 225 | 221 | 100 |
| Washington | 137 | 255 | 175 | 287 | 186 | 164 |
| Washington DC | 192 | 287 | 238 | 478 | 149 | 201 |
| West Virginia | 192 | 275 | 238 | 293 | 143 | 123 |
| Wisconsin | 177 | 306 | 197 | 287 | 173 | 146 |
| Wyoming | 137 | 187 | 175 | 187 | 136 | 107 |
| US Territories | 185 | 175 | 200 | 175 | 95 | 88 |

# 5. Average Hourly Rates by Years in Practice Tables by Region

These regional tables are intended to provide the reader with a quick and easy way of determining the average hourly rates for an attorney as measured simply by years in practice.

Of course, the years in practice of an attorney is often deemed related to the experience level of an attorney and is also one of the traditional ways of determining the reasonableness of a particular attorney's hourly rate.

It should be noted, however, that this factor is not a sufficient basis, by itself, to consider a particular hourly rate to be reasonable in a particular case. Other factors also relate to the determination of a reasonable hourly rate in a particular case.

## Atlantic Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | - |
| 1 - 3 | 229 |
| 3 - 5 | 234 |
| 6 - 10 | 338 |
| 11 - 15 | 329 |
| 16 - 20 | 373 |
| 21 - 25 | 390 |
| 26 - 30 | 389 |
| >31 | 421 |

## California Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 287 |
| 1-3 | 237 |
| 3-5 | 347 |
| 6-10 | 387 |
| 11-15 | 378 |
| 16-20 | 419 |
| 21-25 | 470 |
| 26-30 | 525 |
| >31 | 465 |

## Florida Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 162 |
| 1 - 3 | 237 |
| 3 - 5 | 320 |
| 6 - 10 | 287 |
| 11 - 15 | 315 |
| 16 - 20 | 350 |
| 21 - 25 | 356 |
| 26 - 30 | 343 |
| >31 | 425 |

## Mid West Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 275 |
| 1 - 3 | 287 |
| 3 - 5 | 263 |
| 6 - 10 | 318 |
| 11 - 15 | 430 |
| 16 - 20 | 341 |
| 21 - 25 | 362 |
| 26 - 30 | 329 |
| >31 | 275 |

New York Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 212 |
| 1 - 3 | 204 |
| 3 - 5 | 293 |
| 6 - 10 | 225 |
| 11 - 15 | 385 |
| 16 - 20 | 312 |
| 21 - 25 | 456 |
| 26 - 30 | 237 |
| >31 | 447 |

## North East Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | - |
| 1 - 3 | 175 |
| 3 - 5 | 212 |
| 6 - 10 | 262 |
| 11 - 15 | 345 |
| 16 - 20 | 279 |
| 21 - 25 | 366 |
| 26 - 30 | 353 |
| >31 | 391 |

# Ohio Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | – |
| 1 - 3 | 162 |
| 3 - 5 | 217 |
| 6 - 10 | 222 |
| 11 - 15 | 243 |
| 16 - 20 | 323 |
| 21 - 25 | 287 |
| 26 - 30 | 247 |
| >31 | 321 |

## Pacific Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 162 |
| 1 - 3 | - |
| 3 - 5 | 212 |
| 6 - 10 | 244 |
| 11 - 15 | 257 |
| 16 - 20 | 270 |
| 21 - 25 | 381 |
| 26 - 30 | 287 |
| >31 | 350 |

## South Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | - |
| 1 - 3 | 220 |
| 3 - 5 | 175 |
| 6 - 10 | 241 |
| 11 - 15 | 295 |
| 16 - 20 | 375 |
| 21 - 25 | 324 |
| 26 - 30 | 272 |
| >31 | 270 |

## Texas Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 175 |
| 1 - 3 | 312 |
| 3 - 5 | 300 |
| 6 - 10 | 312 |
| 11 - 15 | 279 |
| 16 - 20 | 316 |
| 21 - 25 | 287 |
| 26 - 30 | 330 |
| >31 | 351 |

## US Territories Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 50 |
| 1 - 3 | 162 |
| 3 - 5 | 212 |
| 6 - 10 | 181 |
| 11 - 15 | 160 |
| 16 - 20 | 172 |
| 21 - 25 | 200 |
| 26 - 30 | 262 |
| >31 | 200 |

## West Region Firms

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | - |
| 1 - 3 | 225 |
| 3 - 5 | - |
| 6 - 10 | 262 |
| 11 - 15 | 223 |
| 16 - 20 | 316 |
| 21 - 25 | 304 |
| 26 - 30 | 362 |
| >31 | 337 |

# 6. Median & Average Summary Tables by Region

## Explanation of Tables

| | |
|---|---|
| Firm Size | <5 means fewer than 5 attorneys in the law firm. >5 means 5 or more attorneys in the law firm. |
| Median Years in Practice | The median number of years that all attorneys in this region have been in practice. |
| Concentration of Practice in Consumer Law | The largest percentage group, expressed as a percentage, ranges are avoided where possible in preference to a specific result. |
| Primary Practice Area | The area comprising the largest percentage of the practice work. |
| Secondary Practice Area | The largest practice area outside of Consumer Law. Where no one area dominates a dash is entered in the table. |
| Median Number of Paralegals in Firm | The median number resulting from all survey responses. |
| Last Time Rate Change Occurred (months) | The median number, expressed in months. |
| Median Paralegal Rate for All Paralegals | Expressed in dollars, ranges are avoided where possible in preference to a specific result. |
| Average Attorney Rate for All Attorneys | Expressed in dollars, ranges are avoided where possible in preference to a specific result. Note that this is not the median." |
| 25% Median Attorney Rate for All Attorneys | 25% of all survey responses are below this number, expressed in dollars. |
| Median Attorney Rate for All Attorneys | Half of all survey responses are above this number and half below, expressed in dollars. |
| 75% Median Attorney Rate for All Attorneys | 75% of all survey responses are below this number, expressed in dollars. |
| 95% Median Attorney Rate for All Attorneys | 5% of all survey responses are above this number, expressed in dollars. |

## Atlantic Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 14.7 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 2 |
| Last Time Rate Change Occurred (months) | 14.8 |
| Median Paralegal Rate for All Paralegals | 137 |
| Average Attorney Rate for All Attorneys | 347 |
| 25% Median Attorney Rate for All Attorneys | 275 |
| Median Attorney Rate for All Attorneys | 350 |
| 75% Median Attorney Rate for All Attorneys | 412 |
| 95% Median Attorney Rate for All Attorneys | 537 |

# California Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 13 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Median Number of Paralegals in Firm | 1 |
| Last Time Rate Change Occurred (months) | 12 |
| Median Paralegal Rate for All Paralegals | 137 |
| Average Attorney Rate for All Attorneys | 406 |
| 25% Median Attorney Rate for All Attorneys | 362 |
| Median Attorney Rate for All Attorneys | 412 |
| 75% Median Attorney Rate for All Attorneys | 487 |
| 95% Median Attorney Rate for All Attorneys | 587 |

## Florida Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 14 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.8 |
| Last Time Rate Change Occurred (months) | 15.3 |
| Median Paralegal Rate for All Paralegals | 75 |
| Average Attorney Rate for All Attorneys | 317 |
| 25% Median Attorney Rate for All Attorneys | 250 |
| Median Attorney Rate for All Attorneys | 317 |
| 75% Median Attorney Rate for All Attorneys | 374 |
| 95% Median Attorney Rate for All Attorneys | 450 |

# Mid West Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 18 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.7 |
| Last Time Rate Change Occurred (months) | 13 |
| Median Paralegal Rate for All Paralegals | 112 |
| Average Attorney Rate for All Attorneys | 276 |
| 25% Median Attorney Rate for All Attorneys | 250 |
| Median Attorney Rate for All Attorneys | 300 |
| 75% Median Attorney Rate for All Attorneys | 375 |
| 95% Median Attorney Rate for All Attorneys | 550 |

# New York Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 14.1 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Other |
| Number of Paralegals in Firm | 2 |
| Last Time Rate Change Occurred (months) | 14 |
| Median Paralegal Rate for All Paralegals | 100 |
| Average Attorney Rate for All Attorneys | 262 |
| 25% Median Attorney Rate for All Attorneys | 249 |
| Median Attorney Rate for All Attorneys | 300 |
| 75% Median Attorney Rate for All Attorneys | 362 |
| 95% Median Attorney Rate for All Attorneys | 575 |

# North East Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 17.7 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.1 |
| Last Time Rate Change Occurred (months) | 15.3 |
| Median Paralegal Rate for All Paralegals | 112 |
| Average Attorney Rate for All Attorneys | 311 |
| 25% Median Attorney Rate for All Attorneys | 212 |
| Median Attorney Rate for All Attorneys | 287 |
| 75% Median Attorney Rate for All Attorneys | 387 |
| 95% Median Attorney Rate for All Attorneys | 575 |

# Ohio Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 19 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.6 |
| Last Time Rate Change Occurred (months) | 16.4 |
| Median Paralegal Rate for All Paralegals | 98 |
| Average Attorney Rate for All Attorneys | 264 |
| 25% Median Attorney Rate for All Attorneys | 212 |
| Median Attorney Rate for All Attorneys | 250 |
| 75% Median Attorney Rate for All Attorneys | 312 |
| 95% Median Attorney Rate for All Attorneys | 437 |

## Pacific Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 20.8 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.9 |
| Last Time Rate Change Occurred (months) | 16.8 |
| Median Paralegal Rate for All Paralegals | 100 |
| Average Attorney Rate for All Attorneys | 303 |
| 25% Median Attorney Rate for All Attorneys | 250 |
| Median Attorney Rate for All Attorneys | 300 |
| 75% Median Attorney Rate for All Attorneys | 350 |
| 95% Median Attorney Rate for All Attorneys | 500 |

## South Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 17.6 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.4 |
| Last Time Rate Change Occurred (months) | 16.5 |
| Median Paralegal Rate for All Paralegals | 87 |
| Average Attorney Rate for All Attorneys | 267 |
| 25% Median Attorney Rate for All Attorneys | 212 |
| Median Attorney Rate for All Attorneys | 262 |
| 75% Median Attorney Rate for All Attorneys | 312 |
| 95% Median Attorney Rate for All Attorneys | 375 |

# Texas Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 19.1 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Number of Paralegals in Firm | 1.3 |
| Last Time Rate Change Occurred (months) | 14.9 |
| Median Paralegal Rate for All Paralegals | 87 |
| Average Attorney Rate for All Attorneys | 320 |
| 25% Median Attorney Rate for All Attorneys | 275 |
| Median Attorney Rate for All Attorneys | 312 |
| 75% Median Attorney Rate for All Attorneys | 375 |
| 95% Median Attorney Rate for All Attorneys | 575 |

## US Territories Region

| Firm Size | <5 |
|---|---|
| Median Years in Practice | 14.9 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Bankruptcy |
| Secondary Practice Area | Real Estate & Consumer Law |
| Number of Paralegals in Firm | 1.4 |
| Last Time Rate Change Occurred (months) | 20 |
| Median Paralegal Rate for All Paralegals | 62 |
| Average Attorney Rate for All Attorneys | 175 |
| 25% Median Attorney Rate for All Attorneys | 155 |
| Median Attorney Rate for All Attorneys | 162 |
| 75% Median Attorney Rate for All Attorneys | 212 |
| 95% Median Attorney Rate for All Attorneys | 275 |

## West Region

| Firm Size | >5 |
|---|---|
| Median Years in Practice | 14.6 |
| Concentration of Practice in Consumer Law | 90-100 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Other |
| Number of Paralegals in Firm | 3 |
| Last Time Rate Change Occurred (months) | 15.8 |
| Median Paralegal Rate for All Paralegals | 99 |
| Average Attorney Rate for All Attorneys | 230 |
| 25% Median Attorney Rate for All Attorneys | 180 |
| Median Attorney Rate for All Attorneys | 287 |
| 75% Median Attorney Rate for All Attorneys | 312 |
| 95% Median Attorney Rate for All Attorneys | 324 |

# 7. Regional Summary Profiles

The regional reports which follow are highlights of the separately published data in the Regional Reports, which contain further explanatory data, analyses and information particular to each region.

Each regional analysis below contains a summary profile of the typical Consumer Law attorney practice in each region with some comparisons with prior survey data.

# Summary Profile of the Atlantic Region

This section summarizes key statistics derived from the survey when viewed from the Atlantic regional approach. Emphasis here is on the average Consumer Law attorney in the Atlantic without regard for any specific survey factor.

The typical Atlantic Consumer Law attorney is in a small office of 4 or fewer practitioners (68.6%) and has been practicing law for 14.7 years. This is the third year that the years in practice statistic has decreased.

Although 53.3% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, it was a substantial decrease from last year's 72.4% figure, indicating a decrease in the quantity of attorneys devoting substantially all their time to the Consumer Law practice area.

78.1% reported that Consumer Law still represented the largest area of their practice time although that amount was also a significant decrease from last year's 89.7%. The average Consumer Law attorney in the Atlantic Region continues the trend from last year of supplementing their Consumer Law practice primarily with Bankruptcy work.

The average Atlantic Consumer Law firm employs 2 paralegals whose median billable hourly rate is $137 and 55% of all Atlantic paralegals have a billable hourly rate between $100 and $174. In this region, 24% of Consumer Law firms report they employ no paralegal support at all.

57.2% of all Atlantic Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $347, up from last year's average rate of $336.

The median Atlantic Attorney hourly rate is $350, a significant increase from last year's $300 but not where it was two years ago (at $412). The median 25% Atlantic Attorney hourly rate (the point at which 25% of all Atlantic survey participants reported an hourly rate lower than this number) is $275. The median 75% Atlantic Attorney hourly rate is $412. 18.2% of Atlantic survey participants reported an hourly rate higher than $425.

44

The typical Atlantic Consumer Law firm lawyer has not changed their hourly rate in the last 14.8 months.

# Summary Profile of the California Region

This section summarizes key statistics derived from the survey when viewed from the California regional approach. Emphasis here is on the average Consumer Law attorney in the California without regard for any specific survey factor.

The typical California Consumer Law attorney is in a small office of 4 or fewer  practitioners (75.7%, up from last year's 63.9%) and has been practicing law for  13  years (same result as last year). Although 71.6% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 77% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work, joining a national trend since the last survey results were reported.

The average California Consumer Law firm employs 1 paralegal whose median billable hourly rate is $137 (same as last year). 46% of all California paralegals have a billable hourly rate between $75 and 149. In the last survey 70% of paralegals billed in that range. There has been an upward shift in billable paralegal rates, with 18% of California paralegals now billing between $150 and $174. In this region, 25% of Consumer Law firms report they employ no paralegal support at all.

84.7% of all California Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $496, slightly up for each of the last two surveys.

The median California Attorney hourly rate is $412, up from last year's $362. The median 25% California Attorney hourly rate (the point at which 25% of all California survey participants reported an hourly rate lower than this number) is $362. The median 75% California Attorney hourly rate is $487. Only 27.7%of California survey participants reported an hourly rate higher than $475 and 15.3% reported an hourly rate higher than $575.

The typical California Consumer Law firm lawyer changed their hourly rate in the last 12 months.

# Summary Profile of the Florida Region

This section summarizes key statistics derived from the survey when viewed from the Florida regional approach. Emphasis here is on the average Consumer Law attorney in the Florida without regard for any specific survey factor.

The typical Florida Consumer Law attorney is in a small office of 4 or fewer practitioners (80.9%, an increase from last year's 70.6%) and has been practicing law for 14 years. Although 48.9% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 57.4% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work.

The average Florida Consumer Law firm employs 1.8 paralegals whose median billable hourly rate is $75 (down for the second year in a row) and 51.6% of all Florida paralegals have a billable hourly rate between $75 and $99. Notably Florida firms also employ the highest percentage of paralegal support, with just 17% of Consumer Law firms having no paralegal support at all.

44.4% of all Florida Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $317, nearly the same as last year's average rate of $320.

The median Florida Attorney hourly rate is $317, up from last year's reported $287. The median 25% Florida Attorney hourly rate (the point at which 25% of all Florida survey participants reported an hourly rate lower than this number) is $250. The median 75% Florida Attorney hourly rate is $374 (same as last year). Only 8.8% of Florida survey participants reported an hourly rate higher than $425.

The typical Florida Consumer Law firm lawyer has not changed their hourly rate in the last 15.3 months.

# Summary Profile of the Mid West Region

This section summarizes key statistics derived from the survey when viewed from the Mid West regional approach. Emphasis here is on the average Consumer Law attorney in the Mid West without regard for any specific survey factor.

The typical Mid West Consumer Law attorney is in a small office of 4 or fewer practitioners (75.2%, about the same as last year) and has been practicing law for 18 years. Although 53.1% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 61.4% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work.

Although 25.5% of Mid West Consumer Law firms employ no paralegal support, the average firm employs 1.7 paralegals whose median billable hourly rate is $112 (up from last year's $105) and 60.6% of all Mid West paralegals have a billable hourly rate between $75 and 149 (again an increase from last year). In this region, 26% of Consumer Law firms report they employ no paralegal support at all.

51.8% of all Mid West Consumer Law attorneys (regardless of all other factors) have a billable hourly rate between $200 and $324 and the average rate was $276, down from last year's average rate of $293.

The median Mid West Attorney hourly rate is $300, up from $262 last year). The median 25% Mid West Attorney hourly rate (the point at which 25% of all Mid West survey participants reported an hourly rate lower than this number) is $250. The median 75% Mid West Attorney hourly rate is $375. Only 9% of Mid West survey participants reported an hourly rate higher than $500.

The typical Mid West Consumer Law firm lawyer has not changed their hourly rate in the last 13 months.

# Summary Profile of the New York Region

This section summarizes key statistics derived from the survey when viewed from the New York regional approach. Emphasis here is on the average Consumer Law attorney in the New York without regard for any specific survey factor.

The typical New York Consumer Law attorney is in a small office of 4 or fewer practitioners (59.4%, a decrease from last year's 87.5%) and has been practicing law for 14.1 years (a substantial drop from last year's 32 years of practice). Although 40.6% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 62.5% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by "Other" work.

The average New York Consumer Law firm employs 2 paralegals whose median billable hourly rate is $100 (up from last year's $82 rate) and 76.2% of all New York paralegals have a billable hourly rate between $75 and 124. In the New York region, 22% of the firms report using no paralegal support at all.

47.8% of all New York Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 but the average rate was $262, down substantially from last year's average rate of $386.

The median New York Attorney hourly rate is $300, down from last year's median of $387. The median 25% New York Attorney hourly rate (the point at which 25% of all New York survey participants reported an hourly rate lower than this number) is $249. The median 75% New York Attorney hourly rate is $362. 14.8% of New York survey participants reported an hourly rate higher than $425.

New York Consumer Law firm lawyers made their last hourly rate change in the last 14 months.

# Summary Profile of the North East Region

This section summarizes key statistics derived from the survey when viewed from the North East regional approach. Emphasis here is on the average Consumer Law attorney in the North East without regard for any specific survey factor.

The typical North East Consumer Law attorney is in a small office of 4 or fewer practitioners (73.2%, only a slight increase from last year's 71.4%) and has been practicing law for 17.7 years (down from last year's 20 years of practice). Although 53.7% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 68.3% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by General Practice work.

The average North East Consumer Law firm employs 1.1 paralegals whose median billable hourly rate is $112. Although 43.1% of firms in this region report no paralegal support at all, 59% of the firms using paralegals have a billable hourly rate greater than $100. In this region, 34% of Consumer Law firms report they employ no paralegal support at all.

39.5% of all North East Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $311, down slightly from last year's average rate of $330.

The median North East Attorney hourly rate is $287, down from last year's $337. The median 25% North East Attorney hourly rate (the point at which 25% of all North East survey participants reported an hourly rate lower than this number) is $212. The median 75% North East Attorney hourly rate is $387, but 10.5% of North East survey participants reported an hourly rate higher than $475.

The typical North East Consumer Law firm lawyer has not changed their hourly rate in the last 15.3 months.

# Summary Profile of the Ohio Region

This section summarizes key statistics derived from the survey when viewed from the Ohio regional approach. Emphasis here is on the average Consumer Law attorney in Ohio without regard for any specific survey factor.

The typical Ohio Consumer Law attorney is in a small office of 4 or fewer practitioners (69.2%, a decrease from last year) and has been practicing law for 19 years. Although 36.5% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 44.2% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankrupty work.

Although 23% of Ohio Consumer Law firms employ no paralegal support, the average firm employs 1.6 paralegals whose median billable hourly rate is $98 and 71.4% of all Ohio paralegals have a billable hourly rate between $50 and 124.

44% of all Ohio Consumer Law attorneys (regardless of all other factors) have a billable hourly rate between $200 and $274 and the average rate was $264, virtually the same as the last survey report of $263.

The median Ohio Attorney hourly rate is $250. The median 25% Ohio Attorney hourly rate (the point at which 25% of all Ohio survey participants reported an hourly rate lower than this number) is $212. The median 75% Ohio Attorney hourly rate is $312. Only 10% of Ohio survey participants reported an hourly rate higher than $400.

The typical Ohio Consumer Law firm lawyer has not changed their hourly rate in the last 16.4 months.

# Summary Profile of the Pacific Region

This section summarizes key statistics derived from the survey when viewed from the Pacific regional approach. Emphasis here is on the average Consumer Law attorney in the Pacific without regard for any specific survey factor.

The typical Pacific Consumer Law attorney is in a small office of 4 or fewer practitioners (71.1%, an increase from last year's 60%) and has been practicing law for 20.8 years. 40.5% of all Pacific region Consumer Law attorneys have been practicing 31 years or more. Although only 39.5% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 52.6% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work, which seems to be the national trend for Consume Law practitioners.

The average Pacific Consumer Law firm employs 1.9 paralegals whose median billable hourly rate is $100 (down slightly from last year's $106) and 92.3% of all Pacific Region paralegals have a billable hourly rate between $75 and 149. It is notable that 31.6% of all Consumer Law firms in the Pacific Region have no paralegal support.

31.6% of all Pacific Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $303, up from last year's average rate of $256.

The median Pacific Attorney hourly rate is $300, up slightly from last year's $262 median. The median 25% Pacific Attorney hourly rate (the point at which 25% of all Pacific survey participants reported an hourly rate lower than this number) is $2150 compared with $212 in the last survey. The median 75% Pacific Attorney hourly rate is $350, compared with $312 previously. Only 10.5% of Pacific survey participants reported an hourly rate higher than $400.

The typical Pacific Consumer Law firm lawyer changed their hourly rate in the last 16.8 months.

# Summary Profile of the South Region

This section summarizes key statistics derived from the survey when viewed from the South regional approach. Emphasis here is on the average Consumer Law attorney in the South Region without regard for any specific survey factor.

The typical South Region Consumer Law attorney is in a small office of 4 or fewer practitioners (89.2%, nearly the same as in the last survey results) and has been practicing law for 17.6 years (up from last year's 13 years of practice but still not up to the 18 years in practice level achieved in 2007). Although 43.2% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 55.4% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work.

The average South Region Consumer Law firm employs 1.4 paralegals whose median billable hourly rate is $87 (up from $60 reported in the last survey) and 68.3% of all South Region paralegals have a billable rate between $50 and $100. Notably, in the South Region 44.6% of Consumer Law firms employ no paralegal support, the largest percentage reported by any region in this year's survey.

69.7% of all South Region Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $250 and the average rate was $267, up from the last survey results which reported an average rate of $248.

The median South Region Attorney hourly rate is $262, up from last year's median of $237. The median 25% South Region Attorney hourly rate (the point at which 25% of all South Region survey participants reported an hourly rate lower than this number) is $212. The median 75% South Region Attorney hourly rate is $312. Only 4.5% of South Region survey participants reported an hourly rate higher than $400. The ceiling for reported hourly rates has gone down from last year's $475.

The typical South Region Consumer Law firm lawyer changed their hourly rate in the last 16.5 months.

# Summary Profile of the Texas Region

This section summarizes key statistics derived from the survey when viewed from the Texas regional approach. Emphasis here is on the average Consumer Law attorney in the Texas without regard for any specific survey factor.

The typical Texas Consumer Law attorney is in a small office of 4 or fewer practitioners (85.3% of respondents this year, compared with 100% in the last survey) and has been practicing law for 19.1 years. Although 47.1% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 55.9% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work.

The average Texas Consumer Law firm employs 1.3 paralegals whose median billable hourly rate is $87 (same for the last two survey reports) and 41.7% of all Texas paralegals have a billable hourly rate between $75 and $124. In the last survey report for this region, nearly the exact same percentage of paralegals had a billable rate between $75 and $149, indicating a shrinking of the hourly rate has occurred. In this region, 29% of Consumer Law firms report they employ no paralegal support at all.

66.7% of all Texas Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $300 (in the last survey it was only 30.8%) and the average hourly rate was $320, up from the last suvey's reported average hourly rate of $305 which was itself up from the prior survey report of $296, indicating a steady but small upward trend.

The median Texas Attorney hourly rate is $312, up from the last survey's reported $287, which was itself up from the prior survey's reported $275. This is another indication of a steady upward trend. The median 25% Texas Attorney hourly rate (the point at which 25% of all Texas survey participants reported an hourly rate lower than this number) is $275. The median 75% Texas Attorney hourly rate is $375. 27.3% of Texas survey participants reported an hourly rate higher than $350. In the last survey, only 4.3% of all survey participants reported an hourly rate higher than $325. This is more evidence of the overall upward trend in this region and is a stronger indication than seen in any other of the 12 regions

in the national report.

The typical Texas Consumer Law firm lawyer has not changed their hourly rate in the last 14.9 months.

# Summary Profile of the US Territories Region

This section summarizes key statistics derived from the survey when viewed from the US Territories regional approach. Emphasis here is on the average Consumer Law attorney in the US Territories Region without regard for any specific survey factor.

The typical US Territories Region Consumer Law attorney is in a small office of 4 or fewer practitioners (100%) and has been practicing law for 14.9 years. Although 43.5% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 91.3% reported that Bankurptcy work represented the largest area of their practice time with the practice supplemented in largest part by Consumer Law work.

The average US Territories Region Consumer Law firm employs .41 paralegal whose median billable hourly rate is $62 (down from the last survey) and 63.6% of all US Territories Region paralegals have a billable hourly rate above $50). In this region, 35% of Consumer Law firms report they employ no paralegal support at all.

43.4% of all US Territories Region Consumer Law attorneys (regardless of all other factors) have a billable hourly rate between $175 and $275. The average rate was $175, down from the last survey's average rate of $275.

The median US Territories Region Attorney hourly rate is $162, down from the last survey. The median 25% US Territories Region Attorney hourly rate (the point at which 25% of all US Territories Region survey participants reported an hourly rate lower than this number) is $155. The median 75% US Territories Region Attorney hourly rate is $212. Only 13% of US Territories Region survey participants reported an hourly rate higher than $250.

The typical US Territories Region Consumer Law firm lawyer has not changed their ho rly rate in the last 20 months.

# Summary Profile of the West Region

This section summarizes key statistics derived from the survey when viewed from the West regional approach. Emphasis here is on the average Consumer Law attorney in the West Region without regard for any specific survey factor.

The typical West Region Consumer Law attorney is in a small office of 4 or fewer practitioners (80.6%) and has been practicing law for 14.6 years. Although 53.3% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 69.4% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work.

The average West Region Consumer Law firm employs 3 paralegals whose median billable hourly rate is $99 (down from the last survey report) and 47.4% of all West Region paralegals have a billable hourly rate above $100). In this region, 30% of Consumer Law firms report they employ no paralegal support at all.

Half of all West Region Consumer Law attorneys (regardless of all other factors) have a billable hourly rate between $275 and $325. The average rate was $230 (down from last year's average rate of $275.

The median West Region Attorney hourly rate is $287, same as the last survey report. The median 25% West Region Attorney hourly rate (the point at which 25% of all West Region survey participants reported an hourly rate lower than this number) is $180. The median 75% West Region Attorney hourly rate is $312. 9.6% of West Region survey participants reported an hourly rate higher than $375.

The typical West Region Consumer Law firm lawyer has not changed their hourly rate in the last 15.8 months.

# 8. Survey Techniques

Surveys are widely considered to be important tools in any evaluation process. There are fundamentally two types of surveys: open ended questioning and closed ended questioning.

Open ended questions allow the responder to respond in any manner at all with no definite answer. Close ended questions provide a limited number of possible answers from which a response can be chosen by the responder. Because open ended questions allow for an unlimited response, they can lead to a subjective analysis and the results are almost always more difficult to interpret and quantify for analysis.

Close ended questions, however, lend their responses to easy statistical analysis.

There are five types of close ended questions.

A Likert-scale question allows for responses on a scale and allows a responder to state their feelings about an issue, such as strongly agree to strongly disagree. Multiple choice questions allow the responder to select from a finite number of responses. Ordinal questions ask the responder to rate things in relation to each other, such as selecting the most important to the least important responses about an issue. Categorical questions first place the responder in a category and then poses questions based on those categories, such as preceding questions with the initial inquiry of whether the responder is male or female. Numerical questions are used when the answer must be a real number.

Different types of questions are used in survey work so that different types of results analyses may be conducted, but the most common survey techniques are the numerical and the multiple choice question because of the ease with which conclusions may be derived from the raw data.

This survey used numerical questions and one multiple choice question. This allows for precise responses that can readily be cataloged and statistically interpreted.

# 9. Cases Employing Use of Survey Data

Courts frequently consider and use survey data in decision making involving fee disputes, finding it an economical and impartial means of determining contested fee issues.

Cases using the *US Consumer Law Attorney Fee Survey Report* when deciding attorney fee disputes in Consumer Law cases include the following.

*Decker v. Transworld Systems, Inc.*, 2009 WL 2916819, N.D.Ill.,2009., September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix").

*Krapf v Nationwide Credit, Inc.*, 2010 WL 4261444, C.D. Cal., October 21, 2010.

*LaFountain, Jr v. Paul Benton Motors of North Carolina, LLC*, 2010 WL 4457057, ED NC, November 5, 2010 (Senior US District Judge James C. Fox specifically finds the *US Consumer Law Attorney Fee Survey Report* to be persuasive, after rejecting the National Law Journal's fee survey and the US Attorney's Laffey Matrix as **un**persuasive in consumer law cases: "The court does, however, find the evidence in the *United States Consumer Law Attorney Fee Survey* to be persuasive").

*Livingston v. Cavalry Portfolio Services, LLC*, 2009 WL 4724268, N.D.Ohio,2009., December 02, 2009.

*Paris v Regent Asset Management Solutions, Inc.*, 2010 WL 3910212, S.D. Ohio, October 5, 2010.

*Renninger v Phillips & Cohen Associates, Ltd*, 2010 WL 3259417, M.D. Fla., August 18, 2010.

*Sandin v. United Collection Bureau, Inc.*, 2009 WL 2500408, S.D.Fla.,2009., August 14, 2009.

*Savage v NIC, Inc.*, 2010 WL 2347028, D. Ariz., June 9, 2010.

*Shelago v. Marshall & Ziolkowski Enterprise, LLC*, 2009 WL 1097534, D.Ariz.,2009., April 22, 2009.

*Suleski v. Bryant Lafayette & Associates*, 2010 WL 1904968, E.D.Wis.,2010., May 10, 2010 ("However, the United States Consumer Law Attorney Fee Survey for 2008-09 for the Midwest and California, see www.consumerlaw.org/feesurvey (last visited May 7, 2010), supports the reasonableness of the hourly rates sought by counsel in light of their experience").

*Vahidy v. Transworld Systems, Inc.*, 2009 WL 2916825, N.D.Ill.,2009., September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be "supported by the Laffey Matrix").

*Wamsley v. Kemp*, 2010 WL 1610734, S.D.Ohio,2010., April 20, 2010 (using both the national survey and the regional survey reports).

## 10. Additional Cases on Use of Survey Data

Additional considerations in using fee surveys may be relevant to a court's consideration in a particular case, including the following concepts drawn from the illustrative cases below.

The cost of performing a fee survey may be recoverable in some instances.

It is a matter of first impression that a fee applicant would hire another attorney to conduct a survey on her behalf. We cannot forget that Luessenhop has the burden of proving that her Fee Application is based upon prevailing market rates and that she has the right to present evidence to support the rate she believes to be prevailing. Here, where we are required to weigh the presumptive prevailing market rate district wide, further pondering the geographical distance and economic disparities between the Plattsburgh and Albany communities and Schneider's relatively limited access to those attorneys who practice civil rights litigation in Albany, we acknowledge that Luessenhop was left with little option but to hire Mishler, an

Albany attorney, to conduct a more comprehensive survey on her behalf. Luessenhop seeks $787.50 for Mishler's endeavors, which appears to be modest. Considering the amount of time this Court spent to conduct a similar survey, we do not find this amount to be unreasonable and will award it.

*Luessenhop v. Clinton County, N.Y.*  558 F.Supp.2d 247, 272 (N.D.N.Y.,2008).

While different attorney fee surveys may exist for the Court's consideration, the question may be which "fee survey better served the purpose of assessing the skills, experience and reputation of counsel" in a particular case. *Strohl Systems Group, Inc. v. Fallon*, E.D.Pa., 2007, 2007 WL 4323008.

Moreover, a fee survey may be approved as probative evidence of the reasonableness of an hourly rate. *Taylor v. USF-Red Star Express, Inc.*, 2005 WL 555371, E.D.Pa., 2005, March 8, 2005.

However, the results of an attorney fee survey may be merely a starting point, a piece of evidence that still should be shown to apply in a particular case. See, *Ray v. Secretary of Dept. Of Health and Human Services*, 2006 WL 1006587, Fed.Cl., 2006, March 30, 2006.

# 11. Recommendations for Future Survey Data

As always, we welcome your suggestions for improvements to the survey as we continue to gather useful information for Consumer Law practitioners in the future. Please email your suggestions to Ron@TheLawCoach.com  or you may mail them to Ronald L. Burdge, Esq., 2299 Miamisburg Centerville Road, Dayton, Ohio 45459-3817.

Ronald L. Burdge, Editor


## About the Editor

Ronald L. Burdge is the founder of Burdge Law Office Co LPA in Dayton, Ohio. Mr. Burdge is in private practice in Ohio, Kentucky and Indiana and elsewhere by *pro hac* admission, and is a nationally known Consumer Law attorney. For over a decade, Mr. Burdge has testified as an expert witness on Consumer Law and Attorney Fee issues in numerous state and federal courts. He is a member of the Total Practice Management Association.

He has authored numerous articles and lectured widely on Attorney Fee issues and Consumer Law and Consumer Trial Practice, and is a member of the American Society of Legal Writers and the Legal Writing Institute. Mr. Burdge has also lectured widely at national and state Consumer Protection Law seminars before attorneys, judges, and both public and business groups, and has testified before the Ohio Legislature and its committees on Consumer Law issues.

He has served as Board Examiner for the National Board of Trial Advocacy and has extensive Consumer Law trial and appellate experience in individual and class action cases involving lenders, retail sales practices, defective products, and warranty litigation. Since 2004, he remains the only Consumer Law attorney in Ohio who has been named to Ohio Super Lawyer status by *Law & Politics* Magazine and Thomson Reuters, and whose practice is entirely devoted to Consumer Law work for consumers only. Thomson Reuters is the world's leading source of intelligent information for businesses and professionals In 2004, he was named Trial Lawyer of the Year by the National Association of Consumer Advocates and in 2010 he was elected to the Board of the National Association of Consumer Advocates.

Copyright 2011
by R.L.Burdge, Burdge Law Office, Dayton, Ohio